UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOEL RODRIGUEZ,<br>Plaintiff,<br><br>v.<br><br>TIFFANY BAEZ, et al.,<br>Defendants. | Civil No. 26-14347-JCB |

ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION
[Docket No. 8]

October 20, 2026

Boal, M.J.

Pro se plaintiff Joel Rodriguez, an inmate in custody at MCI Shirley, initiated this action by filing a complaint with motions for leave to proceed in forma pauperis and for service by regular first class mail. [Doc. Nos. 1-3].

On September 24, 2026, Rodriguez' motion for leave to proceed in forma pauperis was denied without prejudice because he failed to submit an institutional account statement. [Doc. No. 5]. The Procedural Order stated that if he wished to proceed with this action, he must resolve the filing fee by (1) paying it; or (2) filing a motion for leave to proceed in forma pauperis with the institutional account statement required by 28 U.S.C. § 1915(a)(2). [Id.]. The Court further stated that failure to do so within twenty-one (21) days of the date of the Procedural Order may result in a dismissal of this action without prejudice. [Id.]. The same day, copies of the Procedural Order were mailed to Rodriguez and to the Treasurer's Office at MCI Shirley. [Doc. No. 6].

On October 7, 2026, Rodriguez filed a new motion for leave to proceed in forma

pauperis. [Doc. No. 7]. He did not, however, file the required institutional account statement, and the time to do so has expired.

Pursuant to 28 U.S.C. § 1915(a)(2), a prisoner seeking to bring a civil action without prepayment of fees must, in addition to filing an affidavit that includes a statement of all of his assets, "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." On September 24, 2026, Rodriguez was advised that a motion to proceed in forma pauperis must be accompanied by a prison account statement or a certificate showing the balance of his prison account statement. [Doc. No. 5]. Rodriguez responded by filing an in forma pauperis motion without said account statement or certificate. For that reason, this Court hereby ORDERS that (1) Rodriguez' motion for leave to proceed in forma pauperis , [Doc. No. 7], is denied without prejudice; (2) Rodriguez' motion for service by regular first class mail, [Doc. No. 3], is denied; and (3) this case be reassigned to a District Judge. This Court RECOMMENDS to the District Judge that this action be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with 28 U.S.C. § 1915(a)(2).

REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court

of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v Frank, 943 F.2d 343 (1st Cir. 1993).

SO ORDERED.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge