**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOEL RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>TIFFANY BAEZ, LORI BAEZ, and SABRINA BAEZ,<br><br>Defendants. | No. 1:26-cv-14347-JEK |

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

**KOBICK, J.**

*Pro se* plaintiff Joel Rodriguez, an inmate in custody at MCI Shirley, filed a complaint and a motion for leave to proceed *in forma pauperis* on September 23, 2026. ECF 1, 2. The next day, Magistrate Judge Boal denied the motion without prejudice for failure "to provide a certified prison account statement" and gave Rodriguez until October 15, 2026 to "either (1) pay the $405.00 filing and administrative fees; or (2) file a renewed motion for leave to proceed *in forma pauperis* accompanied by [his] certified prison account statement." ECF 5. He was warned that "[f]ailure . . . to comply with this directive may result in a dismissal of this action without prejudice." *Id.* On October 7, 2026, Rodriguez filed such a renewed motion, but he, again, failed to include his account statement. ECF 7. As a result, on October 20, 2026, Judge Boal denied that motion without prejudice and issued a Report and Recommendation that this action be dismissed without prejudice for "failure to comply with 28 U.S.C. § 1915(a)(2)." ECF 8. Rodriguez had until November 3, 2026 to object to that Report and Recommendation. *Id.*; *see* ECF 9. He did not do so.

Having reviewed the Report and Recommendation, I agree with and adopt Judge Boal's determination. A prisoner who seeks leave to proceed *in forma pauperis*—that is, without prepaying the filing fee—must submit with his motion "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Because Rodriguez has still not filed his certified account statement despite being advised and ordered to do so, he has failed to comply with the requirements of section 1915(a)(2) and thus cannot proceed with this action. *See Santos v. Dep't of Educ. of Com. of Puerto Rico*, 108 F. App'x 638, 640 (1st Cir. 2004) (district courts have "the power to act *sua sponte* to dismiss a suit for failure to prosecute"); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("disobedience of court orders . . . warrants dismissal"). Accordingly, this case is DISMISSED without prejudice.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: November 6, 2026